**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

ALMAZBEK ABDYMOMUNOV

VERSUS

BRIAN ACUNA ET AL

CIVIL ACTION NO. 1:26-CV-00438
SEC P

JUDGE EDWARDS

MAG. JUDGE PEREZ-MONTES

MEMORANDUM RULING

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Almazbek Abdymomunov ("Abdymomunov"), an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. The federal Respondents ("the Government") have answered the Petition (ECF No. 8), and Abdymomunov submitted a reply (ECF No. 9).

After careful consideration of the record, the parties' memoranda, and the applicable law, the Petition is GRANTED.

I.    Background

Abdymomunov is a native and citizen of Kyrgyzstan. ECF No. 1 at 4. He entered the United States without inspection on October 7, 2022, near San Ysidro, California. ECF Nos. 1 at 2, 7; 8 at 6-7.

On the date of his entry, the Department of Homeland Security ("DHS") served Abdymomunov with a Notice to Appear, charging him as removable under the Immigration and Nationality Act ("INA"). ECF No. 8 at 6-7. Although placed in removal proceedings, Abdymomunov was not detained at that time. Instead, he was allowed to remain at liberty in the United States. ECF Nos. 1 at 2; 9 at 2.

1

For more than three years, Abdymomunov resided in the United States with his wife and children in Pittsburgh, Pennsylvania, complied with his immigration proceedings, and filed an application for asylum.  ECF Nos. 1 at 7; 9 at 2.

On November 18, 2024, Abdymomunov filed a "defensive asylum application (Form I-589) with USCIS."  ECF No. 1 at 7.

On January 22, 2026, Immigration and Customs Enforcement ("ICE") arrested Abdymomunov and placed him in custody at the LaSalle ICE Processing Center in Jena, Louisiana.  ECF No. 1 at 2, 4, 8.  Neither the Petition nor the Response identifies the statutory authority or form pursuant to which Abdymomunov was released into the community.  ECF Nos. 1, 8.

Abdymomunov argues that, although the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi* controls the statutory detention question, his continued detention without an individualized custody determination violates the Due Process Clause because the Government permitted him to live freely in the United States for more than three years before re-detaining him.   ECF No. 1 at 2-3, 9-14.

The Government contends that Abdymomunov is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) pursuant to *Buenrostro-Mendez*, that his detention does not violate procedural or substantive due process, and that he is not entitled to parole or other habeas relief.  ECF No. 8 at 1-20.

According to the Executive Office for Immigration Review's online case information system, on April 23, 2026, an Immigration Judge ordered Abdymomunov

2

removed.    Abdymomunov appealed that decision to the Board of Immigration Appeals, where the appeal remains pending.[1]

## II.    Law and Analysis

Abdymomunov contends that the Government violated the Due Process Clause of the Fifth Amendment by re-detaining him after allowing him to remain at liberty in the United States for more than three years, without first providing notice, a hearing, or any individualized determination that continued detention was warranted.  The Government argues that Abdymomunov's detention is mandatory under 8 U.S.C. § 1225(b)(2), as interpreted by the Fifth Circuit in *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026), and therefore no additional process is constitutionally required.  ECF No. 8.

The Court agrees that *Buenrostro-Mendez* forecloses Abdymomunov's statutory argument that he is detained under the wrong provision of the INA.  In *Buenrostro-Mendez,* the Fifth Circuit held that noncitizens who entered the United States without inspection remain "applicants for admission" subject to mandatory detention under § 1225(b)(2), even if they are apprehended years after entering the country. 166 F.4th at 498-505.  Accordingly, Abdymomunov's statutory challenge fails.

That conclusion, however, does not resolve Abdymomunov's constitutional claim.  As this Court has repeatedly recognized, the question of whether Congress authorized detention under § 1225(b) is analytically distinct from whether the

---

[1] https://acis.eoir.justice.gov/en/caseInformation

Government may revoke a liberty interest without affording constitutionally adequate process. *See Diallo v. Trump*, 1:25-CV-2012, 2026 WL 1230389 (W.D. La. Mar. 5, 2026), *Kilic v. Acuna, et al.*, 1:25-CV-01928, 2026 WL 1652575, at *2 (W.D. La. June 8, 2026); *Ghughunishvili v. Trump*, 3:26-CV-00086, ECF No. 13 (W.D. La. Mar. 20, 2026); *Garcia-Gil v. Acuna*, 1:26-CV-00207, ECF No. 10 (W.D. La. April 29, 2026).

Respondents argue that *Ghughunishvili* is distinguishable because the petitioner there demonstrated she had been released pursuant to 8 U.S.C. § 1226(a), whereas Abdymomunov has not shown that he was released under § 1226(a) or presently detained thereunder. The Court agrees that the present record does not establish the statutory mechanism of Petitioner's initial release. Nevertheless, it is undisputed that DHS elected not to detain him in October 2022, and instead permitted him to remain at liberty for more than three years before taking him into custody. Furthermore, whatever documents authorized Abdymomunov to remain at liberty would likely be in Respondents' possession (and not likely to be at the processing center with Abdymomunov). Thus, this case presents the same constitutional question before the Court in *Ghughunishvili*: whether the Government may revoke a period during which it permitted Abdymomunov to remain at liberty without affording any individualized process.

As previously explained in *Diallo, Kilic, Ghughunishvili, Garcia-Gil*, and other cases, the Fifth Circuit's interpretation of § 1225(b) does not foreclose an as-applied procedural due process challenge to re-detention following a lengthy period of liberty.

Rather, such claims are evaluated under the balancing framework articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Under *Mathews*, courts consider: (1) the private interest affected; (2) the risk of an erroneous deprivation through the procedures used and the probable value of additional procedural safeguards; and (3) the Government's interests, including the burdens of additional procedures.

### 1.      Private Interest

"The interest in being free from physical detention is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *Martinez v. Noem*, 5:25-CV-1007, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Although *Buenrostro-Mendez* establishes that § 1225(b) authorizes mandatory detention, it does not eliminate the liberty interest arising from Abdymomunov's extended period of freedom in the community.

Here, the record reflects that DHS encountered Abdymomunov in October 2022, served him with a Notice to Appear, and then allowed him to remain at liberty in the United States for more than three years before arresting him on January 22, 2026. ECF Nos. 1 at 2, 7-8; 8 at 6-7; 9 at 2-3. Accordingly, Abdymomunov acquired a protected liberty interest in his continued freedom after DHS permitted him to remain at liberty in the United States for more than three years while his removal proceedings remained pending. *See Hernandez-Fernandez,* 2025 WL 2976923, at *8–9 (citing *Espinoza,* 2025 WL 2581185, at *9; *Diaz v. Kaiser*, No. 25-CV-05071, 2025 WL 1676854, at *2 (N.D. Cal. June 14, 2025); *M.S.L. v. Bostock*, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *8 (D. Or. Aug. 21, 2025); and *Rosado v. Figueroa*, No. 25-

CV-02157, 2025 WL 2337099, at *12 (D. Ariz. Aug. 11, 2025)); *see also Pineda-Berrios v. Lyons,* 1:25-CV-2332, 2026 WL 384159, at *7 (E.D. Va. Feb. 11, 2026).  During that period, Abdymomunov alleges—and Respondents do not dispute—that he complied with immigration proceedings, filed an asylum application, appeared as required, and resided with his family in Pennsylvania.  ECF Nos. 1 at 2, 7; 9 at 2.  Regardless of the precise legal mechanism for that release, Abdymomunov's extended period of liberty created a substantial private interest that weighs heavily in the *Mathews* analysis.

### 2.    Risk of Erroneous Deprivation

Under the second *Mathews* factor, the Court considers "'whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks." *Martinez*, 2025 WL 2598379, at *3 (W.D. Tex. Sept. 8, 2025) (quoting *Gunaydin v. Trump*, 784 F.Supp.3d 1175, 1187 (D. Minn. 2025)).  Abdymomunov alleges he received no hearing, no opportunity to contest his re-detention, and no opportunity to demonstrate that he was neither a danger to the community nor a flight risk.  ECF Nos. 1 at 2-3; 9 at 3.  The Government does not contend otherwise.

Nor has the Government identified any changed circumstance justifying Abdymomunov's re-detention. It does not allege that Abdymomunov violated reporting requirements, failed to appear in immigration court, committed a crime, or otherwise failed to comply with the conditions under which he remained in the

community. Instead, the Government relies exclusively on the proposition that *Buenrostro-Mendez* renders detention mandatory under § 1225(b). ECF No. 8.

As observed by this Court in numerous cases cited above, and by other courts, *see Betancourth v. Tate*, 822 F.Supp.3d 762, 770 (S.D. Tex. 2026) and *Castro-Ricardo v. Noem, et al.,* 4:26-CV-2186, 2026 WL 1270559, at *1 (S.D. Tex. Mar. 31, 2026), requiring some form of individualized custody determination before revoking a liberty interest that has existed for more than three years would substantially reduce the risk of erroneous deprivation while imposing only minimal additional procedural burdens.

### 3.    Government's Interest

The Government unquestionably possesses a significant interest in ensuring that noncitizens appear for removal proceedings, and in enforcing the immigration laws. Congress has also expressed a strong interest in mandatory detention under § 1225(b), an interest reaffirmed in *Buenrostro-Mendez.*

But the Government has little legitimate interest in suddenly detaining, without a hearing, noncitizens whom DHS has already determined are neither a flight risk nor a danger to the community, and whom DHS has allowed to remain at liberty. *Bermeo Sicha*, 2025 WL 2494530, at *6 (D. Maine Aug. 29, 2025) (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir. 2021)); *see also Kilic*, 2026 WL 1652575, at *3 (citing *Saravia v. Sessions*, 280 F.Supp.3d 1168, 1176 (N.D. Cal. 2017), *aff'd* 905 F.3d 1137 (9th Cir. 2018) (explaining that initial release "reflects a determination by the government that the noncitizen is not a danger to the

7

community or a flight risk.")); *Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *8 (S.D. Tex. Nov. 14, 2025).

The Government identifies no administrative burden that would outweigh Abdymomunov's substantial liberty interest, particularly where DHS previously permitted Abdymomunov to remain in the community for years while pursuing his immigration case.

### 4. Balance of the *Mathews* Factors

Balancing the three *Mathews* factors, the Court concludes that the Government violated Abdymomunov's procedural due process rights by re-detaining him without affording any individualized process after permitting him to remain at liberty for more than three years. This conclusion is consistent with this Court's prior rulings recognizing that *Buenrostro-Mendez* resolves the statutory detention question but does not authorize the Government to revoke an established liberty interest without constitutionally adequate procedures.

Although Abdymomunov's removal proceedings have progressed since the Petition was filed, and an Immigration Judge entered a removal order on April 23, 2026, the order remains pending on appeal before the Board of Immigration Appeals. The pendency of that appeal does not alter the constitutional analysis because the removal order is not final, and Abdymomunov challenges the process—or lack thereof—preceding his re-detention after years of liberty, not the merits of his removal proceedings.

## III.    <u>Conclusion</u>

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.  Respondents are ORDERED to release Abdymomunov from custody by July 9, 2026, with advance notice provided to counsel.

IT IS FURTHER ORDERED that the parties shall file a joint notice of compliance with this Order within 24 hours of Abdymomunov's release.

THUS DONE in Chambers on this 7th day of July, 2026.

_____

Jerry Edwards, Jr.

United States District Judge
